**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                      Civil Case No. 02-74030
                                        Criminal Case No. 97-80620-06

v.

                                        Honorable Gerald E. Rosen

ANTHONY TAYLOR,                       Honorable Steven D. Pepe

        Defendant.

_____/

**REPORT AND RECOMMENDATION DENYING REQUEST FOR**
**CERTIFICATE OF APPEALABILITY**

Petitioner Anthony Taylor, a prisoner in federal custody, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2253. On August 10, 2005, the undersigned issued a report and recommendation that Petitioner's claims be denied. The Court adopted those recommendations on August 30, 2005, then issued its Judgment of dismissal on August 31, 2005. Now before the undersigned is Petitioner's request for a certificate of appealability

Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find

the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000).

Petitioner was convicted on two counts of distribution of cocaine base and one count of conspiracy to distribute cocaine base. He is serving a 292 month sentence which is the minimum of the guideline range. In his habeas corpus petition, Petitioner claimed the following:

> I. Petitioner Claims Counsel Was Ineffective Because He Did Not Accurately Convey a Realistic View of the Case and Plea Agreement.
>
> II. Ineffective Assistance of Trial Counsel for Failing to Discuss the PSI Report with Petitioner.
>
> III. Judge Rosen's Failure to Inquire into Whether Counsel Discussed PSI Report with Petitioner.
>
> IV. Trial Counsel Was Ineffective for Failure to Cross Examine Griffin for Bias.
>
> V. Trial Counsel Was Ineffective for Failing to Discuss Stipulation with Petitioner.
>
> VI. Trial Counsel and Appellate Counsel [Were] Ineffective [For] Failure to Make Bond Transcript Available on Appeal.
>
> VII. Petitioner Objecting to this Proper [Sentencing] Provision Claim

For reasons noted in the August 10, 2005, report and recommendation denying Petitioner's writ of habeas corpus, Petitioner's claims of ineffective counsel do not rise to a level that show either his trial or appellate counsel behaved in a naive or reckless way. As for the Petitioner's claim that he was sentenced under the wrong sentencing provision, it is clear that Judge Rosen looked at the totality of the evidence presented and based his decision on sound reasoning.

Petitioner has failed to establish that reasonable jurists would find this Court's assessment of Petitioner's foregoing habeas corpus claims was debatable or wrong. Therefore,

he is not entitled to a certificate of appealability with respect to any of his claims.

Accordingly, **IT IS RECOMMENDED** that Petitioner's request for a certificate of appealability be **DENIED**.


Dated: October 31, 2005                     s/Steven D. Pepe
Ann Arbor, Michigan                         United States Magistrate Judge




Certificate of Service

I hereby certify that copies of the above were served upon the attorneys of record by electronic means or U. S. Mail on October 31, 2005.

                                            s/William J. Barkholz
                                            Courtroom Deputy Clerk